UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PATRICK MATHIEU,

        Petitioner,

    -v-

MICHAEL E. GIAMBRUNO,
Superintendent,

        Respondent.
------------------------------------x

05 Civ. 8098 (JSR)(MHD)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-11-08

JED S. RAKOFF, U.S.D.J.

    On July 11, 2007, the Honorable Michael H. Dolinger, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the petitioner's motion under 28 U.S.C. § 2254 for a writ of habeas corpus be denied in all respects. Petitioner timely filed objections to the Report. Accordingly, the Court has reviewed the motion and the underlying record de novo.

    Having done so, and having thoroughly considered petitioner's objections, the Court finds itself in agreement with Judge Dolinger's careful and thorough Report. Mathieu's first objection is that the Magistrate Judge failed to consider his claim of "actual innocence," which he asserted in his memorandum of law in response to Magistrate Judge Dolinger's request for further briefing on the issue of Mathieu's petition's timeliness and in his Reply to Respondent's Memorandum of Law in Opposition to the Petition. In both instances, however, the argument was presented as a means of overcoming the possible untimeliness of the petition. As Magistrate Judge Dolinger concluded that Mathieu's petition was in fact timely, see Report at

29, he had no reason to consider the actual innocence argument, nor does this Court.[1]

Mathieu raises the following additional objections, each of which the Magistrate Judge's Report adequately addressed and refuted: (1) Magistrate Judge Dolinger considered petitioner's argument that the victim's description of her attacker was flawed because she failed to identify certain aspects of her attacker and rejected it as meritless because the description she did provide was "'more than ordinarily thorough,'" see Report at 35 (citing Neil v. Biggers, 409 U.S. 188, 200 (1972); (2) Magistrate Judge Dolinger considered petitioner's argument that federal law specifically permits counsel to inquire as to whether a suggestive show-up tainted the witness's ability to make an independent source identification, and rejected that argument as contrary to case law, see Report at 39-40; (3) Magistrate Judge Dolinger considered petitioner's argument that defense counsel's failure to elicit further information about the homeless men inhabiting the building amounted to ineffective assistance of counsel, and concluded that counsel's efforts in this regard were more than adequate, see Report at 46-47. The Court

---

[1] To the extent Mathieu now argues that his actual innocence argument amounts to a substantive claim why the petition should be granted, and even if that claim were properly presented, Magistrate Judge Dolinger's thorough and considered rejection of Mathieu's challenges to his conviction (primarily, to the witness's identification of him and to the effectiveness of his representation), which the Court herein adopts, implicitly rejected the argument.

2

agrees with Magistrate Judge Dolinger's analysis of each of these issues, and hereby adopts his conclusions.

Finally, Mathieu objects that Magistrate Judge Dolinger failed to consider two "compelling" affidavits submitted by petitioner in his post-conviction proceedings in state court. However, a federal habeas court, which is charged only with determining whether the state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d), is under no obligation specifically to consider each piece of evidence before the state court. And in any event, Magistrate Judge Dolinger addressed and rejected Mathieu's substantive arguments based on those affidavits, namely, that trial counsel was ineffective for failing to elicit further testimony on the homeless men and for declining to call petitioner's putative alibi witness.

For the foregoing reasons, the Court hereby adopts Magistrate Judge Dolinger's Report and Recommendation, and, for the reasons so ably stated therein, dismisses the petition. In addition, since the petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue under 28 U.S.C. § 2253(c)(2), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith. Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
February 8, 2008

JED S. RAKOFF, U.S.D.J.

3